An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES H. PORTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63433

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Appellant filed his petition on March 18, 2013, more than 13 years after this court issued the remittitur on direct appeal on October 20, 1999. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed two post-conviction petitions for writs of habeas corpus.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Further, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. *See* NRS 34.800(2).

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*See Porter v. State*, Docket No. 37203 (Order of Affirmance, October 22, 2002); *Porter v. State*, Docket No. 52250 (Order of Affirmance, March 5, 2009).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30644

In an attempt to overcome the procedural bars, appellant argued that *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), provides a gateway through the procedural bars in cases like his where the petitioner has been deprived of the benefit of counsel when pursuing claims of ineffective assistance of trial counsel. *Martinez* held that "a procedural default will not bar a *federal habeas court* from hearing a substantial claim of ineffective assistance [of counsel] at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. at ___, 132 S. Ct. at 1320 (emphasis added). We have recently determined that *Martinez* does not apply to habeas petitions filed in state court. *Brown v. McDaniel*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 60, at 15-16, August 7, 2014). Accordingly, we conclude that appellant failed to overcome the procedural bars to his petition, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.          _____, J.
Douglas                              Cherry

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Abbi Silver, District Judge
Charles H. Porter
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk